SEYFARTH SHAW LLP
Mandana Massoumi (SBN 191359)
mmassoumi@seyfarth.com
Miguel A. Ramirez (SBN 332966)
mramirez@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO OSEGUERA,<br><br>            Plaintiff,<br><br>      v.<br><br>TARGET CORPORATION; and DOES 1 through 20, INCLUSIVE,<br><br>            Defendants. | Case No.<br><br>[Sacramento County Superior Court Case No. 25CV028715]<br><br>**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL**<br><br>Complaint Filed:   December 2, 2025<br>Trial Date:           None Set |

# TABLE OF CONTENTS

**Page**

I. PROCEDURAL BACKGROUND ............................................................................... 1

II. TIMELINESS OF REMOVAL ................................................................................... 3

III. DIVERSITY JURISDICTION .................................................................................... 3

    A. Plaintiff Is A Citizen Of California. ................................................................ 3

    B. Defendant Is Not A Citizen Of California. ..................................................... 4

    C. Doe Defendants May Be Disregarded. ........................................................... 5

IV. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 ..................................... 5

    A. Emotional Distress Damages. ......................................................................... 8

    B. Attorneys' Fees. ............................................................................................... 9

    C. Punitive Damages. ........................................................................................ 10

V. VENUE ...................................................................................................................... 10

VI. NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT ....... 11

VII. RESERVATION OF RIGHTS ................................................................................. 11

VIII. PRAYER FOR REMOVAL ..................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abrego v. The Dow Chem. Co.*,
443 F.3d 676 (9th Cir. 2006) ................................................................................................... 5

*Behrazfar v. Unisys Corp.*,
687 F. Supp. 2d 999 (C.D. Cal. 2009) ..................................................................................... 6

*Burns v. Windsor Ins. Co.*,
31 F.3d 1092 (11th Cir. 1994) ................................................................................................. 6

*Conrad Assocs. v. Hartford Accident & Indemnity Co.*,
994 F. Supp. 1196 (N.D. Cal. 1998) ........................................................................................ 6

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014) ................................................................................................................... 5

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
325 F.2d 785 (9th Cir. 1963) ............................................................................................. 6, 7

*Davis v. HSBC Bank Nevada, N.A.*,
557 F.3d 1026 (9th Cir. 2009) ................................................................................................. 3

*Fristoe v. Reynolds Metals, Co.*,
615 F.2d 1209 (9th Cir. 1980) ................................................................................................. 4

*Fritsch v. Swift Transportation Company of Arizona, LLC*,
899 F.3d 785 (9th Cir. 2018) ............................................................................................... 7, 9

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) ........................................................................................ 6, 7, 9

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ................................................................................................... 5

*Gibson v. Chrysler Corp.*,
261 F. 3d 927 (9th Cir. 2001) .................................................................................................. 9

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007) ................................................................................................... 5

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) ................................................................................................... 3

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) ................................................................................................. 3

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d 993 (C.D. Cal. 2002) ..................................................................................... 6

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

322626895v.2

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) .............................................................................. 6

*Kroske v. U.S. Bank Corp.*,
  432 F.3d 976 (9th Cir. 2005) ............................................................................................. 7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ........................................................................................................... 2

*Rippee v. Boston Market Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005) ................................................................................ 6

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) ............................................................................................. 5

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ............................................................................................. 3

*The Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010) ....................................................................................................... 4

*Thompson v. Big Lots Stores, Inc.*,
  No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261 (E.D. Cal. 2017) ................................... 8

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) ........................................................................................... 5

*Ward v. Cadbury Schweppes Bottling Grp.*,
  2011 WL 7447633 (C.D. Cal) ........................................................................................... 8

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
  2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) ................................................ 9

*Roby v. McKesson Corp.*,
  47 Cal. 4th 686 (2009) ..................................................................................................... 10

**Federal Statutes**

28 U.S.C. § 84(c) ..................................................................................................................... 10

28 U.S.C. § 1332 ....................................................................................................................... 4

28 U.S.C. § 1332(a) ........................................................................................................... 1, 6, 7

28 U.S.C. § 1332(a)(1) ...................................................................................................... 3, 5, 10

28 U.S.C. § 1332(c)(1) .............................................................................................................. 3

28 U.S.C. § 1441 ....................................................................................................................... 1

28 U.S.C. § 1441(a) ....................................................................................................... 1, 3, 4, 10

28 U.S.C. § 1441(b) ................................................................................................................... 1

28 U.S.C. § 1446 .................................................................................................................. 2

28 U.S.C. § 1446(a) ............................................................................................................ 10

28 U.S.C. § 1446(b) .............................................................................................................. 1

28 U.S.C. § 1446(d) ............................................................................................................ 10

**State Statutes**

California Family Rights Act ................................................................................................ 1

Fair Employment and Housing Act ...................................................................................... 1

Labor Code § 98.6 ................................................................................................................ 1

Labor Code § 233 .................................................................................................................. 1

Labor Code § 1102.5 ............................................................................................................. 1

Labor Code § 6310 ................................................................................................................ 1

**Other Authorities**

*Aboulafia v. GACN Inc.*,
   2013 WL 8115991 (Los Angeles County Sup. Ct.) ........................................................ 8

*Crawford v. DIRECTV, Inc.*,
   2010 WL 5383296 (Los Angeles County Sup. Ct.) ........................................................ 9

*Denenberg v. Cal. Dep't of Transp.*,
   2006 WL 5305734 (San Diego County Sup. Ct.) ........................................................... 9

*DFEH v. County of Riverside*,
   2003 WL 24304125 (Riverside County Sup. Ct.) .......................................................... 8

*Leimandt v. Mega RV Corp.*,
   2011 WL 2912831 (Orange County Sup. Ct.) ................................................................ 8

*Silverman v. Stuart F. Cooper Inc.*,
   2013 WL 5820140 (Los Angeles County Sup. Ct.) ........................................................ 8

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
   2013 WL 7852947 (Los Angeles County Sup. Ct.) ........................................................ 8

*Welch v. Ivy Hills Corp.*,
   2011 WL 3293268 (Los Angeles County Sup. Ct.) ........................................................ 8

**PLEASE TAKE NOTICE THAT** Defendant TARGET CORPORATION ("Target" or "Defendant") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. sections 1332(a), 1441(a), and 1441(b), and removes this action from the Superior Court of California, County of Sacramento, to the United States District Court, Eastern District of California, pursuant to 28 U.S.C. sections 1441 and 1446(b). The grounds for removal are stated below.

## I. PROCEDURAL BACKGROUND

1. On December 2, 2024, Plaintiff Alvaro Oseguera ("Plaintiff") filed a civil complaint against Target and Does 1 through 20 in the Superior Court of the State of California for the County of Sacramento, entitled "*Alvardo Oseguera v. Target Corporation; and Does 1 through 20, inclusive*," Case No. 25CV028715 ("State Court Action"). (*See* Declaration of Miguel Ramirez in support of Notice of Removal ["Ramirez Decl."], ¶ 2, filed concurrently herewith.)

2. The Complaint asserts the following twelve causes of actions against Target: (1) "Discrimination in Violation of FEHA [Fair Employment and Housing Act]"; (2) "Failure to Prevent Discrimination (FEHA)"; and (3) "Retaliation in Violation of FEHA"; (4) "Harassment in Violation of FEHA"; (5) "Failure to Prevent Harassment in Violation of FEHA"; (6) "Labor Code s. [Section] 98.6"; (7) "Labor Code s. [Section] 1102.5"; (8) "Labor Code s. [Section] 6310"; (9) "California Family Rights Act"; (10) "Failure to Engage in Good Faith Interactive Process" under FEHA; (11) "Failure to Provide Reasonable Accommodation" under FEHA; and (12) "Labor Code s. [Section] 233." A true and correct copy of the Complaint is attached as **Exhibit A** to the concurrently filed Declaration of Miguel Ramirez. (Ramirez Decl., ¶ 2, Ex. A ["Compl."].)

3. On December 5, 2025, Plaintiff served the Summons, Complaint, Civil Case Cover Sheet, and Notice of Civil Home Court Assignment and Case Management Conference on Target's designated agent for service of process. A true and correct copy

of the service packet received by Target is attached as **Exhibit B** to the concurrently filed Declaration of Miguel Ramirez. (Ramirez Decl., ¶ 3, Ex. B.)

4. On December 24, 2025, Target timely filed its Answer to Plaintiff's Unverified Complaint in the Superior Court for the County of Sacramento. A true and correct copy of Target's Answer filed in Sacramento County Superior Court is attached as **Exhibit C** to the concurrently filed Declaration of Miguel Ramirez. (Ramirez Decl., ¶ 4, Ex. C.)

5. **Exhibits A through C** constitute all of the pleadings, process, and orders served and/or filed in the State Court Action prior to filing this Notice of Removal. (Ramirez Decl., ¶ 8.)

6. On December 29, 2025, counsel for Target emailed counsel for Plaintiff inquiring regarding Plaintiff's valuation of the case and that Plaintiff provide a demand. (Ramirez Decl., ¶ 5.) A true and correct copy of the December 29, 2025 email is attached as **Exhibit D** to the concurrently filed Declaration of Miguel Ramirez. (Ramirez Decl., ¶ 5, Ex. D.)

7. On December 31, 2025, counsel for Defendant followed-up with counsel for Plaintiff regarding the valuation of the case and, in the alternative, requested that Plaintiff stipulate that the amount in controversy was less than $75,000. (Ramirez Decl., ¶ 6.) True and correct copies of the December 31, 2025 email correspondence and draft stipulation are attached as **Exhibit E** to the concurrently filed Declaration of Miguel Ramirez. (Ramirez Decl., ¶ 6, Ex. E.)

8. As of the date of filing this Notice of Removal, Plaintiff's counsel has not responded to Defendant's December 29 and 31, 2025 emails. (Ramirez Decl., ¶ 7.)

9. Written notice of the filing of this Notice of Removal is being delivered to Plaintiff through his counsel of record. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California for the County of Sacramento.

## II. TIMELINESS OF REMOVAL

10. This Notice of Removal is timely as it is filed less than one year from the date this action commenced and within thirty days of the service of the Summons and Complaint upon Defendant on December 5, 2025. *See* 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

## III. DIVERSITY JURISDICTION

11. This Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Plaintiff Is A Citizen Of California.

12. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile").

13. Here, Plaintiff alleged in his Complaint that he "was at all times relevant to the matters alleged . . . an individual with its [*sic*] residence in California." (Compl., ¶ 1.) Plaintiff began his employment with Defendant Target Corporation in August 2024 in Sacramento, California. (Declaration of Kristi Nycholat ["Nycholat Decl."], ¶ 4.) Plaintiff's home address on file with Defendant during the entire time period that he has worked for Defendant is within the state of California. (Nycholat Decl., ¶ 5.)

14. There are *no* documents in Plaintiff's personnel file to suggest that at any time during his employment he was a resident or citizen of any other state other than

California. (Nycholat Decl., ¶¶ 5, 6.) Notably, there is no record of Plaintiff being a resident of the state of Minnesota.

### B. Defendant Is Not A Citizen Of California.

15. For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. §1332(c)(1)).

16. The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center."** *The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

17. Defendant is a corporation organized under the laws of the state of Minnesota. (Nycholat Decl., ¶ 2.)

18. Further, Defendant's principal place of business is also located in the state of Minnesota. (Nycholat Decl., ¶¶ 2, 3.) Minnesota is where the majority of Target's core executive and administrative functions are carried out, and where the majority of its executive and administrative offices are located. (Nycholat Decl., ¶ 3.) For example, Target's corporate headquarters is located in Minneapolis, Minnesota, where the following corporate activities are performed: communications, public relations, marketing, strategy, diversity, human resources, legal, support management (procurement), and maintenance of corporate records. (*Id.*) The administrative functions carried out in Minnesota include Target's finance and accounting functions, high-level human resources functions, and compliance functions, among other administrative

functions. (*Id.*) Minnesota is also the state in which Target's corporate income tax return is filed. (*Id.*)

19. Thus, Defendant is a citizen of Minnesota, not California. Accordingly, the requisite diversity of citizenship exists.

### C.  Doe Defendants May Be Disregarded.

20. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1-20, does not deprive this Court of jurisdiction.

## IV.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

21. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "*more likely than not*" that the amount in controversy exceeds the requisite threshold) (emphasis added).

22. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the

1  amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles,*
2  *Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

3      23.    As the Supreme Court has explained, "a defendant's notice of removal need
4  include only a plausible allegation that the amount in controversy exceeds the
5  jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S.
6  81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's
7  amount-in-controversy allegation should be accepted when not contested by the plaintiff
8  or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not
9  predict the trier of fact's eventual award with one hundred percent accuracy").
10 Defendant(s) are not obligated to "research, state, and prove the plaintiff's claims for
11 damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009)
12 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal.
13 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)
14 (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a
15 defendant will actually owe).

16     24.    In determining whether a complaint meets the $75,000 threshold under 28
17 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages,
18 special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS*
19 *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees
20 may be included in amount in controversy, regardless of whether such an award is
21 discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325
22 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in
23 determining amount in controversy where recoverable under state law); *Conrad Assocs.*
24 *v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998)
25 ("amount in controversy" includes claims for general and special damages).

26     25.    The calculations supporting the amount in controversy are based on
27 Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming,
28

1 | without any admission, the truth of any of the allegations, and assuming liability (which
2 | Defendant vehemently disputes) based on Plaintiff's theory of recovery.

3 |     26.     Although Plaintiff does not pray for a specific dollar amount, in his
4 | Complaint, he alleges twelve (12) causes of action as outlined above. (*See* Ramirez
5 | Decl., Ex. A, Compl.)

6 |     27.     The Court must presume the plaintiff will prevail on each and every one of
7 | his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d
8 | 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th
9 | Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on
10 | liability.")). Accordingly, general, special, compensatory, and punitive damages, and
11 | attorneys' fees that are recoverable by statute may all be included in the jurisdictional
12 | amount in controversy calculation. *See, e.g.*, *Fritsch v. Swift Transportation Company of
13 | Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in
14 | controversy includes damages (compensatory, punitive, or otherwise), the costs of
15 | complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or
16 | contract. [citations]"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)
17 | ("The amount in controversy includes the amount of damages in dispute, as well as
18 | attorney's fees, if authorized by statute or contract." (citing *Galt*, 142 F.3d at 1156);
19 | *Davenport*, 325 F.2d at 785-87.

20 |     28.     Here, Plaintiff's Complaint alleges damages under various legal theories.  In
21 | sum, Plaintiff's aggregated recovery on his claims, including compensatory damages
22 | such as emotional distress damages and attorney's fees, easily satisfies the $75,000
23 | jurisdictional threshold. While Defendant vehemently denies any liability as to Plaintiff's
24 | claims, it is "more likely than not" that the alleged amount in controversy in this action
25 | exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

26 |     29.     Additionally, Plaintiff has refused to stipulate that the amount in controversy
27 | is $75,000 or less. (Ramirez Decl., ¶¶ 5-7.) Plaintiff's refusal indicates that Plaintiff

28

7

322626895v.2

1  intends to seek an amount greater than $75,000 in this instant lawsuit, and thus,
2  Defendant can establish the amount in controversy by this alone.

3       30.    Thus, considered together, the general and special damages sought by
4  Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if
5  Plaintiff prevails, establish by a preponderance of the evidence that the amount in
6  controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. §
7  1332(a).

      **A.**    **Emotional Distress Damages.**

      31.    Plaintiff claims to have suffered "humiliation, emotional distress and mental pain and anguish." (*See* Ramirez Decl., Ex. A, Compl., ¶¶ 14, 20, 25, 30, 35, 40, 45, 50, 55, 60, 65, and 70.)

      32.    In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for discrimination and wrongful termination. (*Id.*)

      33.    Plaintiff's claims for these emotional distress damages add thousands of dollars to the amount in controversy. A review of jury verdicts in California demonstrates emotional distress awards in discrimination cases commonly exceed $75,000. *E.g.*, *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles County Sup. Ct.) (jury awarded $151,333 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles County Sup. Ct.) (award of $1,250,000 for pain and suffering in discrimination case); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in a discrimination

case); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles County Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hills Corp.*, 2011 WL 3293268 (Los Angeles County Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in age discrimination action); *DFEH v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct.) (jury award of $300,000 in emotional distress damages for failure to accommodate claim). Plaintiff's allegations of emotional distress are similar to the issues raised in these cases and thus certainly push the amount in controversy above $75,000.

**B.     Attorneys' Fees.**

34.     Plaintiff also seeks recovery of attorneys' fees. (Ramirez Decl., Ex. A, Compl., at Prayer for Relief, ¶ 6.) Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees <u>through trial</u>. *Fritsch*, 899 F. 3d at 794 ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

35.     In analogous employment-related cases, Courts have awarded far in excess of $75,000 in attorneys' fees. *See, e.g.*, *Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000).

36.     Defendant anticipates depositions being taken in this case, and that ultimately, Defendant will file a Motion for Summary Judgment. Based on defense

1  counsel's experience, attorneys' fees in employment discrimination cases often exceed
2  $75,000.  In this regard, it is more likely than not that the fees will exceed $75,000
3  through discovery and a summary judgment hearing, and the fees would certainly exceed
4  $75,000 if the case proceeds to trial.  (Ramirez Decl., ¶ 9.)

   **C.    Punitive Damages.**

6       37.    Plaintiff also seeks punitive damages.  (*See* Ex. A, Compl., ¶¶ 15, 21, 26, 31,
7  36, 41, 46, 51, 56, 61, 66, 71; *id.* at Prayer for Relief, ¶ 4.)  The Court must also consider
8  Plaintiff's request for punitive damages in determining the amount in controversy.
9  *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001) ("It is well established that
10 punitive damages are part of the amount in controversy in a civil action.").  To that end,
11 Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged
12 retaliation cases.  *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 719-20 (2009)
13 (holding that a punitive damage award of $1.9 million equal to the compensatory damage
14 award was appropriate in retaliation case).

15      38.    Accordingly, the aggregated recovery on Plaintiff's claims for damages—
16 emotional distress damages, attorney's fees, and punitive damages—unquestionably
17 satisfies the $75,000 jurisdictional threshold.  Because diversity of citizenship exists
18 between Plaintiff and the named Defendant, and the matter in controversy between the
19 Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28
20 U.S.C. § 1332(a)(1), and removal is proper.

**V.    VENUE**

22      39.    Venue lies in the Eastern District of California pursuant to 28 U.S.C.
23 §§ 1441(a), 1446 (a), and 84(b).  This action was originally brought in the Superior Court
24 of California, County of Sacramento, which is located within the Eastern District of the
25 State of California.  Therefore, venue is proper in this Court because it is the "district and
26 division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VI. NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

40. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Sacramento.

41. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

42. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A through C** to the concurrently filed Declaration of Miguel Ramirez. (Ramirez Decl., ¶ 8.)

## VII. RESERVATION OF RIGHTS

43. By filing this Notice of Removal, Defendant does not concede nor waive any defense to this action.

## VIII. PRAYER FOR REMOVAL

44. WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California.

DATED: January 5, 2026                    Respectfully submitted,

                                          SEYFARTH SHAW LLP


                                          By: */s/ Miguel A. Ramirez*
                                              Mandana Massoumi
                                              Miguel A. Ramirez
                                              Attorneys for Defendant
                                              TARGET CORPORATION